UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MARCOS ANDRE de ALMEIDA VILHENA,

                Plaintiff,

v.

HSBC BANK USA, N.A.,

                Defendant.
_____

**NOTICE OF REMOVAL**

Case No. _____

PLEASE TAKE NOTICE that, pursuant to Section 632 of Title 12 of the United States Code and Sections 1332, 1441, and 1446 of Title 28 of the United States Code, defendant HSBC Bank USA, N.A. ("HSBC"), by its attorneys, Phillips Lytle LLP, removes this action to the United States District Court for the Southern District of New York.

This is a civil action over which this Court has original subject matter jurisdiction under: (i) 12 U.S.C. § 632 (the "Edge Act"), in that this is a civil action to which HSBC, a National Association organized under the laws of the United States, is a party, and which "aris[es] out of transactions involving international or foreign banking . . ., or out of other international or foreign financial operations;" and (ii) 28 U.S.C. § 1332(a), in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between the parties. In support thereof, HSBC states:

1. HSBC is the defendant in a civil action captioned *Marcos Andre de Almeida Vilhena v. HSBC Bank USA, N.A.*, Index No. 653088/2019 (the "State Court Action"), commenced on May 23, 2019, in New York State Supreme Court, New York County, where the action is pending.

2. Pursuant to 28 U.S.C. § 1446(a), all papers received by HSBC at the time of removal in the State Court Action are attached hereto. **Exhibit A** is an index of the docket in the State Court Action, and **Exhibit B** contains the papers filed in the State Court Action to date.

## I. NOTICE OF REMOVAL IS TIMELY

3. HSBC was served with the Summons and Complaint in the State Court Action on May 30, 2019.

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) and (c)(1), because it is filed with the United States District Court for the Southern District of New York: (i) within 30 days after HSBC received plaintiff's Complaint, and (ii) within one year after the commencement of the State Court Action.

## II. FEDERAL JURISDICTION EXISTS UNDER THE EDGE ACT

5. The Edge Act (12 U.S.C. § 632) provides as follows, in pertinent part:

> Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries, shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law.

6. This action satisfies the Edge Act's eligibility requirements for removal to the United States District Court for the Southern District of New York.

7. First, this is a "suit[ ] of a civil nature at common law or in equity . . . ." 12 U.S.C. § 632. In his complaint (the "Complaint," included within **Exhibit B**), plaintiff seeks, *inter alia*, (i) "a declaratory judgment determining his right as a sole Beneficiary of" an account maintained by HSBC (Complaint p. 8, ¶ 1), (ii) "compensatory and punitive damages" to remedy alleged conversion and trespass to chattels (*id.* p. 8, ¶¶ 2-3), (iii) "judgment . . . for all attorney's fees incurred in this action" (*id.* p. 8, ¶ 4), and (iv) compensatory damages to remedy alleged breach of contract (*id.* p. 8, ¶ 5).

8. Second, as a National Association organized and existing under the laws of the United States pursuant to the National Banking Act (12 U.S.C. § 21 *et seq.*), HSBC qualifies as a "corporation organized under the laws of the United States," and it is a party to this action. 12 U.S.C. § 632. *Accord*, *Travis v. Nat'l City Bank of N.Y.*, 23 F. Supp. 363, 365-67 (E.D.N.Y. 1938).

9. Third, this action "aris[es] out of transactions involving international or foreign banking" or "international or foreign financial operations, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries . . . ." 12 U.S.C. § 632.

10. According to the Complaint, plaintiff resides in Rio de Janeiro, Brazil, and claims to be the sole beneficiary of a "Premier" account that was originally established at HSBC by his late mother Maria S. de Almeida, and his late stepfather Ivan da Silva. Complaint ¶¶ 1-6.

11. Even so, on or about June 27, 2010, Mr. da Silva had written from his home at Rua Vilela Tavares 181, Apartment 601, in Rio de Janeiro to Linda Peacock at HSBC in New York, New York, to direct the removal of plaintiff as a beneficiary with

respect to all of Mr. da Silva's HSBC accounts.  *Id.* ¶ 10 (referencing the letter that is "Annex A" to the attached **Exhibit C**, written by plaintiff's counsel to Tiffani Watts in HSBC's Legal Processing Department on March 1, 2019).

12. Inasmuch as this action will determine whether plaintiff in Brazil remains the beneficiary of the account maintained by his late Brazilian mother and step-father with HSBC in New York as a consequence of Mr. da Silva's 2010 directive otherwise, it arises from transactions involving international or foreign banking or operations.

13. For this reason, and because this is a civil action to which an entity organized under the laws of the United States is a party, this action "shall be deemed to arise under the laws of the United States," and HSBC, as the defendant, may remove the action from New York State Supreme Court "into the district court of the United States for the proper district . . . ."  12 U.S.C. § 632.

### III. DIVERSITY JURISDICTION ALSO EXISTS

14. In addition to jurisdiction under the Edge Act, this Court may also properly exercise diversity jurisdiction over this action.

15. 28 U.S.C. § 1332(a)(2) provides, in pertinent part, that "[t]he [Federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state . . . ."

16. Here, plaintiff is a citizen of Brazil, whereas HSBC is a citizen of the State of Virginia, which HSBC's articles of association designate as the location of HSBC's principal office.  *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 219 (2d Cir. 2016).

17. The matter in controversy in this action also exceeds $75,000. Indeed, "the amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation." *Directv Latin Am., LLC v. RCTV Int'l Corp.*, 2012 WL 13064909, *2 (S.D.N.Y. May 30, 2012) (*quoting Beacon Constr. Co. v. Matco Elec. Co.*, 521 F.2d 392, 399 (2d Cir. 1975)).

18. For example, in *Beacon Construction*, the Second Circuit held that, because the plaintiff "sought a declaration that a mechanic's lien filed by defendant in the amount of $293,001.52 was null and void, along with a surety bond valued at $351,601.82," it could exercise diversity jurisdiction, in that the "plaintiff's potential liability under the lien notice and bond," and therefore "'[t]he value of the rights being adjudicated,'" were "clearly in excess of the jurisdictional amount," which was then $10,000. *Directv Latin America*, 2012 WL 13064909, *3 (*quoting*, *in part*, *Beacon Construction*, 521 F.2d at 399).

19. Likewise, in *Concorde Financial Corp. v. Value Line, Inc.*, 2004 WL 287658 (S.D.N.Y. Feb. 11, 2004), this Court concluded that diversity jurisdiction was available for "a declaratory judgment action . . . seeking a determination that a mutual fund management agreement [had been] terminated" because, absent the declaration sought, the plaintiff "'would be owed compensation based on the Fund's net asset value,'" which was $127,000. *Directv Latin America*, 2012 WL 13064909, *3 (*quoting*, *in part*, *Concorde*, 2004 WL 287658, *2). As in *Beacon Construction*, therefore, "the 'value of the relief sought' by the plaintiff [in *Concorde*] exceeded the amount in controversy requirement." *Directv Latin America*, 2012 WL 13064909, *3 (*quoting*, *in part*, *Concorde*, 2004 WL 287658, *2).

20. So, too, does the amount in controversy exceed $75,000 in this action. Although the account referenced in paragraph 3 of the Complaint has a balance of

$33,576.64 (*see* Complaint ¶ 4, "Annex B" to **Exhibit C**), the determination as to whether plaintiff remains a beneficiary of that account will necessarily determine whether he also remains a beneficiary of an HSBC Premier Savings Account and two matured certificates of deposit ("CDs") originally established by Ms. de Almeida and Mr. da Silva, and now valued at $274,061.22 (*see* "Annex B" to **Exhibit C**). Hence, the value of the declaratory relief sought by plaintiff is $307,637.86 (*i.e.*, the sum of $33,576.64 and $274,061.22), well in excess of $75,000.

21. For this reason, and because this civil action is between a citizen of Brazil and a citizen of the State of Virginia, this Court may properly exercise diversity jurisdiction over this action, in addition to the independent basis for jurisdiction pursuant to the Edge Act.

**IV. REMOVAL TO THIS DISTRICT IS PROPER**

22. Venue is proper in this Court because the court in which the State Court Action was originally filed (New York State Supreme Court, New York County) is within the jurisdiction of the United States District Court for the Southern District of New York. 28 U.S.C. § 1441(a).

23. The undersigned certifies that copies of this Notice of Removal and attachments will be served upon counsel for plaintiff.

24. A Notice of Filing and Service of this Notice of Removal will be filed with the Clerk of the Court for New York State Supreme Court, New York County.

25. A file-stamped copy of that Notice of Filing and Service of this Notice of Removal will be filed with this Court.

26. HSBC reserves the right to amend or supplement this Notice of Removal.

27. Plaintiff does not request a jury trial in his Complaint.

WHEREFORE, HSBC Bank USA, N.A. hereby removes this action from New York State Supreme Court, New York County, to the United States District Court for the Southern District of New York.

DATED:   New York, New York
         June 18, 2019

        PHILLIPS LYTLE LLP

        By:   */s/ Sean C. McPhee*
            Sean C. McPhee
        Attorneys for Defendant
        *HSBC Bank USA, N.A.*
        340 Madison Avenue, 17th Floor
        New York, New York  10173-1922
        Telephone No. (212) 759-4888
        smcphee@phillipslytle.com

Doc #01-3679611.2