```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MARCOS ANDRE DE ALMEIDA VILHENA,    :
                                    :    19 Civ. 5671 (VM)
                Plaintiff,          :
                                    :
      - against -                   :    DECISION AND ORDER
                                    :
HSBC BANK USA, N.A.,                :
                                    :
                Defendant.          :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Plaintiff Marcos Andre de Almeida Vilhena ("Vilhena") brought this action against Defendant HSBC Bank USA, N.A. ("HSBC") seeking a declaratory judgment that he is entitled to the proceeds of three "In Trust For," or Totten trust, accounts maintained at HSBC with account numbers ending in -456-4, -048-9, and -102-7 (the "ITF Accounts"). HSBC filed a counterclaim for a declaratory judgment (1) determining who is entitled to the proceeds of the ITF Accounts, (2) discharging HSBC from any liability following its turnover of those proceeds to the entitled individual, and (3) protecting HSBC from future claims concerning its distribution of the ITF Accounts' proceeds. Now before the Court are letter briefs from Vilhena (see "Vilhena Letter," Dkt. No. 26) and HSBC (see "HSBC Letter," Dkt. No. 25) requesting summary judgment on their respective declaratory judgment claims. The Court construes such letters as

1

motions for summary judgment. For the reasons set forth below, the Court GRANTS both motions.

## I. BACKGROUND

The facts of this case are undisputed. In 2007, Vilhena's mother Maria S. de Almeida ("Almeida") and stepfather Ivan da Silva ("Silva") opened four accounts at a New York office of HSBC. (Joint Statement of Undisputed Material Facts in Connection with Plaintiff's Motion for Summary Judgment ("Joint SUMF"), Dkt. No. 27, at ¶ 1.) Three of the four accounts are the ITF Accounts at issue. (Id. at ¶ 2.) The ITF Accounts continue to have balances on deposit and have been maintained at a New York branch of HSBC at all times since their opening. (Id. at ¶ 4.)

By letter dated June 27, 2010 (the "Silva Letter"), Silva instructed HSBC to remove Vilhena as beneficiary of the ITF Accounts. (Id. at ¶ 5.) The Silva Letter did not specifically identify any particular account or account numbers, did not contain Almeida's signature, and did not contain an acknowledgement or other proof of execution in the manner required to entitle conveyances of real property to be recorded under New York law. (Id. at ¶¶ 6, 7.) HSBC has no record of any other correspondence instructing the removal of Vilhena as beneficiary of the ITF Accounts. (Id.

at ¶ 7 n.4.) To date, HSBC has not received a restraining order, injunction, or other process prohibiting payment of the funds in the ITF Accounts. (Id. at ¶ 13.)

Almeida and Silva passed away in Brazil on November 23, 2012 and January 31, 2014 respectively. (Id. at ¶¶ 8-11.) Brazilian authorities have certified that no public wills attributable to Almeida or Silva have been filed with the notary offices corresponding to their Brazilian domiciles. (Id. at ¶ 12.)

Vilhena filed a multi-count complaint against HSBC regarding the ITF Accounts, which HSBC removed to this Court on June 18, 2019. (See Dkt. No. 1.) The parties subsequently stipulated to the dismissal of all but Count One of Vilhena's complaint, which seeks a declaratory judgment determining Vilhena's rights to the ITF Accounts. (See Dkt. No. 1-2 at ¶ 25.) HSBC answered on June 24, 2019 and simultaneously filed a counterclaim, which seeks a declaratory judgment (1) determining who is entitled to the proceeds of the ITF Accounts, (2) discharging HSBC of any liability from its turnover of those proceeds to the entitled individual, and (3) protecting HSBC from future claims concerning its distribution of the ITF Accounts' proceeds. (See Dkt. No. 10 at ¶ 61.) On January 7, 2020,

Vilhena and HSBC filed letter-briefs seeking summary judgment on their respective declaratory judgment claims. (See Vilhena Letter, HSBC Letter.)

II. **DISCUSSION**

A. STANDARD OF REVIEW

Summary judgment is appropriate if the evidence shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). As noted above, all facts in this case are undisputed.

28 U.S.C. Section 2201 empowers this Court to issue declaratory judgments "in a case of actual controversy within its jurisdiction." See Duane Reade, Inc. v. St. Paul Fire and Marine Ins. Co., 411 F.3d 384, 389 (2d Cir. 2005). Both parties agree that the Silva letter has created an actual controversy regarding Vilhena's rights to the proceeds of the ITF Accounts. (See Joint SUMF ¶ 17.)

B. New York Law Governs Rights Regarding the ITF Accounts

To determine whether Vilhena is entitled to the proceeds of the ITF Accounts, the Court must first determine whether the law of New York or Brazil controls the analysis. This question is easily answered; "the title

4

to a bank account held in a New York bank is governed by the law of New York." Neto v. Thorner, 718 F. Supp. 1222, 1225 (S.D.N.Y. 1989); see also Wyatt v. Fulrath, 211 N.E.2d 637, 639 (N.Y. 1965) (noting that "New York has the right to say as a matter of public policy whether it will apply its own rules to property in New York of foreigners who choose to place it here for custody or investment"). The Neto court thus applied New York law to determine the rights in a Totten trust account that was opened and maintained in New York, even though the depositor allegedly changed the beneficiary of the account in his Brazilian will. See generally 718 F. Supp. 1222.

The facts of this case are remarkably similar to those in Neto. Indeed, the choice of New York law may be even more compelling here because Brazilian authorities have certified that neither Almeida nor Silva appears to have drafted a valid will in Brazil. (See Joint SUMF ¶ 12.) Accordingly, the Court will determine Vilhena's rights as to the ITF Accounts as a matter of New York law.

C. Vilhena's Entitlement to the ITF Accounts' Proceeds

New York Estates, Powers, and Trusts Law Section 7-5.2 ("Section 7-5.2") governs the terms of the ITF Accounts and provides that where a beneficiary survives the depositors,

"title to the funds shall vest in the beneficiary free and clear of the trust" subject to the conditions described in paragraphs (1) and (2). See Section 7-5.2. "[T]he statute is clear and precise in prescribing the three ways by which a depositor can revoke a Totten trust: withdrawal of the funds, an express direction in a will and a qualifying writing filed with the bank." Eredics v. Chase Manhattan Bank, N.A., 790 N.E.2d 1166, 1168 (N.Y. 2003). "[O]nly full compliance with the statutory provisions [of Section 7-5.2] will effectuate a revocation of a [T]otten trust." Neto, 718 F. Supp. at 1226; see also Matter of Will of Young, 522 N.Y.S.2d 795, 796 (Surr. Ct. Kings Cty. 1987) (listing numerous New York courts that "have required literal compliance with the statute").

Because Almeida and Silva did not draft a will or withdraw all funds from the ITF Accounts (see Joint SUMF ¶¶ 4, 12), Vilhena will remain the beneficiary unless the Silva Letter is a "qualifying writing filed with the bank." Eredics, 790 N.E.2d at 1168. Among other requirements, a qualifying writing must be "acknowledged or proved in the manner required to entitle conveyances of real property to be recorded." Id.; Section 7-5.2(1). The parties agree that the Silva letter was not acknowledged. (See Joint SUMF ¶

6

7.) For this reason alone, the Silva Letter "was not legally sufficient to modify the trust accounts." Blase v. Blase, 26 N.Y.S.3d 212 (Table), at *5 (Sup. Ct. Oneida Cty. 2015). The Court thus need not consider other potential deficiencies with the Silva Letter, such as its failure to specifically identify account numbers or include the signature of joint account holder Almeida. Because the Silva Letter does not comply with the express requirements of Section 7-5.2, the Court grants Vilhena's request for a declaratory judgment that he is entitled to the proceeds of the ITF Accounts.

D. HSBC's Lack of Liability Regarding the ITF Accounts

Under New York Estates, Powers, and Trusts Law Section 7-5.4, "[a] financial institution which, upon the death of a depositor and prior to service upon it of a restraining order, injunction or other appropriate process from a court of competent jurisdiction prohibiting payment, makes payment to a beneficiary[,] . . . shall, to the extent of such payment, be released from liability to any person claiming a right to the funds and the receipt or acquittance of the person to whom payment is made shall be a valid and sufficient release and discharge of the financial institution."

Because both depositors of the ITF Accounts have died, HSBC will be released from liability for distributing the proceeds of the ITF Accounts to Vilhena unless it has previously been served with a restraining order, injunction, or other appropriate judicial process prohibiting such payment. It is undisputed that HSBC has not received any judicial process prohibiting payment of the funds in the ITF Accounts to Vilhena. (Joint SUMF ¶ 13.) Accordingly, HSBC is entitled to a declaratory judgment establishing that Vilhena is the proper beneficiary of the ITF Accounts' proceeds and releasing HSBC from liability in connection with its turnover of those proceeds to Vilhena.

## III. <u>ORDER</u>

For the reasons discussed above, it is hereby

**ORDERED** that the motions for summary judgment so deemed by the Court as filed by Plaintiff Marcos Andre de Almeida Vilhena ("Vilhena") (Dkt. No. 26) and Defendant HSBC Bank USA, N.A. ("HSBC") (Dkt. No. 25) are **GRANTED**. It is hereby **DECLARED AND ADJUDGED** that Vilhena is entitled to the proceeds of the accounts maintained by HSBC and identified by the account numbers ending -456-4, -048-9, and -102-7 (the "ITF Accounts"); and it is further

**DECLARED AND ADJUDGED** that HSBC is hereby released and discharged from liability to any person claiming a right to the funds in the ITF Accounts following its turnover of those funds to Vilhena; and it is furthermore

**DECLARED AND ADJUDGED** that each and every person other than Vilhena claiming a right to the funds in the ITF Accounts is hereby and shall be restrained and enjoined from instituting or prosecuting any claim or action against HSBC in any jurisdiction arising from or relating to any claim to the funds in the ITF Accounts.

**SO ORDERED.**

Dated:   New York, New York
         1 April 2020

_____
Victor Marrero
U.S.D.J.